# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATT D. WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 8:15CV371 |
| ) | |
| OTOE COUNTY, NEBRASKA, a ) | |
| political subdivision of the State of ) | ORDER |
| Nebraska, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint ([Filing No. 34](#)). The Court will grant the motion.

Plaintiff filed the instant Complaint on October 13, 2015, alleging he was terminated from his employment with Defendant on the bases of disability and retaliation in violation of the Americans with Disabilities Act ("ADA") and the Nebraska Fair Employment Practice Act ("NFEPA"). ([Filing No. 1](#)). Count IV of the Complaint alleges the tort of wrongful discharge in retaliation for filing a workers' compensation claim. ([Filing No. 1 at p. 6](#)). Defendant filed its Answer on January 22, 2016. ([Filing No. 8](#)). The Court entered an Initial Progression Order on February 24, 2016, and discovery commenced. ([Filing No. 12](#)). The Court entered a Final Progression Order on May 26, 2016. ([Filing No. 17](#)).

On March 15, 2017, the parties notified the Court of a scheduled mediation on April 26, 2017, and jointly requested an extension of certain deadlines in the Final Progression Order. ([Filing No. 24](#)). The Court granted the parties' joint motion and cancelled the final pretrial conference and trial pending the outcome of mediation. ([Filing No. 25](#)).

1

The parties advised the Court that mediation was unsuccessful, and following a planning conference held on May 8, 2017, the Court entered an Amended Final Progression Order. ([Filing No. 33](#)). The Amended Final Progression Order extended the deadlines for written discovery and to amend pleadings to August 18, 2017. The parties have a second mediation tentatively scheduled for August 9, 2017.

Defendant filed the instant motion requesting leave to file an Amended Answer, seeking to add new affirmative defenses that Plaintiff's third and fourth claims are barred (1) for failure to give timely and proper notice of a tort claim under the Nebraska Political Subdivisions Tort Claims Act ("NPSTCA"), and (2) for failing to commence this action within the time period set forth in the NPSTCA.[1] ([Filing No. 34](#)). Plaintiff opposes the motion on the grounds of prejudice and undue delay because the factual basis for both of Defendant's proposed affirmative defenses was readily ascertainable more than a year ago when Plaintiff filed his original Complaint. ([Filing No. 36 at p. 4](#)).

Under [Federal Rule of Civil Procedure 15](#), the Court should "freely give leave" to amend a pleading "when justice so requires." [Fed. R. Civ. P. 15(a)](#). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." [*Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)](#) (quotation and citation omitted). The court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). [*Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011)](#).

Additionally, [Fed. R. Civ. P. 8(c)](#) requires affirmative defenses to be pled in a party's answer, and generally, failure to plead an affirmative defense results in a waiver of that defense. [*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)](#)

---

1 [Neb. Rev. Stat. § 13-919](#).

(quoting *First Union Nat'l Bank*, 477 F.3d at 622) (citations omitted). However, a court has discretion to grant a defendant leave to amend an answer to include an omitted Rule 8(c) defense. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 360 (8th Cir. 1997) (quoting *Sanders v. Dep't of Army*, 981 F.2d 990, 991 (8th Cir. 1992)).

Although Plaintiff's arguments regarding delay are well-taken, "[g]iven the court's liberal viewpoint towards leave to amend," the Court nevertheless finds Defendant should be granted leave to amend its Answer. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "Mere delay is not a reason in and of itself to deny leave to amend. There must be found some prejudice which would result to others if leave were to be granted." *Mercantile Trust Co. Nat. Ass'n v. Inland Marine Prod. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976). Defendant's motion is timely under the Amended Final Progression Order, which was entered after a telephone conference and by agreement of the parties.[2] Moreover, trial has not been rescheduled, which would alleviate any potential concerns that Defendant's Amended Answer would prejudice Plaintiff on the eve of trial. Defendant's proposed affirmative defenses do not necessarily require additional discovery, as both defenses pertain to the relatively simple issue of whether Plaintiff gave timely and proper notice under the NPSTCA and commenced this action within the statutorily prescribed time frame. In consideration of the above, the Court finds Defendant should be granted leave to file its Amended Answer. Accordingly,

**IT IS ORDERED:** Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint (Filing No. 34) is granted. Defendant shall file the Amended Answer on or before June 20, 2017.

---

[2] Plaintiff did object to the portion of the order setting a new deadline for Motions for Summary Judgment; however the summary judgment deadline has no bearing on the instant motion to amend.

**DATED:** June 13, 2017.

        **BY THE COURT:**

        s/ F.A. Gossett, III
        **United States Magistrate Judge**